UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CUDDY LAW FIRM, P.L.L.C.                                COMPLAINT
                          *Plaintiffs,*

    -against-
                                                       Case No.

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                          *Defendant.*

---

Plaintiff CUDDY LAW FIRM, P.L.L.C. ("CLF"), by and through its attorneys at CLF, for its complaint hereby alleges:

1.    This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

## PARTIES

2.     Plaintiff CLF offers a range of legal services, including, among other things, representing students and families in the Greater New York City area facing special education challenges.

3.    Plaintiff CLF holds a principal office at 5693 South Street Road, Auburn, NY 13021.

4.    Defendant New York City Department of Education ("DOE") is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19).

5.    DOE is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

6.    DOE's principal office is located at 52 Chambers Street, New York, NY 10007.

## FAMILY REPRESENTED BY PLAINTIFF IN IDEA HEARING CASE NO. 285545

1

7.    S.S., the biological child of S.A.S., was born in 2014.

8.    S.A.S. and S.S. reside in the County of Queens, State of New York.

9.    DOE has classified S.S. with autism.

10.    S.A.S. and Plaintiff CLF have agreed that, unless S.A.S. fully paid CLF for services rendered and expenses incurred, S.A.S. assigned the fee recovery claim for what became Case No. 285545 to CLF.

## JURISDICTION AND VENUE

11.    Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, including the procedural safeguards of IDEA, 20 U.S.C. § 1415, regardless of the amount in controversy.

12.    Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon Defendant DOE's residence.

## FACTUAL BACKGROUND – CASE NUMBER 285545

13.    On June 28, 2024, S.A.S. provided ten-day notice to DOE that, based upon DOE's denials of a free appropriate public education ("FAPE") to S.S. (for the 2024-2025 school year), S.S. would be enrolled at Gersh Academy, Queens Village, New York, for which S.A.S. would seek public funding.

14.    DOE did not respond to S.A.S.'s ten-day notice.

15.    On September 5, 2024, Plaintiff S.A.S., through counsel, initiated an impartial due process hearing on behalf of her child, S.S., by submitting a Demand for a Due Process Hearing to DOE's Impartial Hearing Office.

16.    The Demand for a Due Process Hearing is more formally known as the due process complaint ("DPC").

17.    Development of the DPC required:

a.    Review of Findings of Fact and Decision ("FOFD") Case No. 263270 to develop pendency request;

b.    Review of records received from S.A.S., including individualized education program ("IEP"), 2022 neuropsychological evaluation;

c.    Review of records received from DOE;

d.    Review of records received from Gersh Academy;

e.    Consultation with Client to establish timeline and ensure accuracy of claims;

18.    S.A.S.'s DPC alleged several different categories of how DOE denied S.S. a FAPE for the 2024-2025 school year, based more specifically upon DOE's:

a.    Failure to develop an appropriate IEP;

b.    Failure to offer S.S. an appropriate program;

c.    Failure to recommend an appropriate placement;

d.    Failure to provide appropriate instructional and behavioral methodologies;

e.    Failure to appropriately address S.S.'s behavioral needs and provide proper behavioral supports;

f.    Failure to develop appropriate goals;

g.    Failure to develop a transitional support plan;

h.    Failure to include a representative from the recommended school placement;

i.    Failure to provide the Parent the right to fully participate in the IEP process; and

j.    Denial of the Student's right to free school meals.


19.    S.A.S.'s DPC proposed various relief, including:

a.    Direct funding to Gersh Academy for 2024-2025 tuition, including meals;

3

b.      Transportation between S.S.'s home and Gersh Academy; and

c.      DOE to provide transcripts of administrative proceedings.

20.     The DOE did not hold a resolution session as required under the New York Regulations of the Commissioner of Education Part 200.5(j)(2)(i).

21.     This case was assigned Impartial Hearing Office Case No. 285545.

22.     DOE appointed Adrienne Lotson as IHO to Case No. 285545.

23.     On September 20, 2024, DOE agreed that unappealed FOFD 263270 (dated February 9, 2024 governed S.S.'s pendency program, for Gersh Academy.

24.     DOE did not respond to the DPC within 10 days as required by New York Regulations of the Commissioner of Education Part 200.5(i)(4)(i).

25.     In its October 7, 2024 Due Process Response, DOE denied every allegation, asserted its intent to raise all affirmative defenses, and stated it would cross examine all witnesses.

26.     DOE never amended or withdrew its stated litigation posture.

27.     On November 6, 2024, a prehearing conference was held. At the prehearing conference, DOE indicated that the matter was marked "not for settlement," and that DOE would present one witness at the hearing.

28.     The parties' deadline for disclosure was January 30, 2025.

29.     Accordingly, counsel for S.A.S. was required to fully prepare for a contested hearing, including development of multiple affidavits, coordination with witnesses, legal analysis, and disclosure of a 292-page evidence packet, submitted on January 28, 2025.

30.     DOE attorney Andrew Egan's email address returned an automated response that he was unexpectedly out of the office with an injury. No further communication was sent by DOE regarding disclosure or the upcoming hearing.

31. DOE did not disclose its position on FAPE until after disclosures and appearance at the hearing, where DOE declined to defend its program.

32. DOE did not disclose its position on relief until after disclosures and appearance at the hearing, where DOE declined to take a position on S.A.S.'s requested relief.

33. A due process hearing was not held for Plaintiff S.A.S. and S.S. until February 6, 2025, five months after the DPC was filed, due to unavailability of the hearing officer.

34. On February 6, 2025, the impartial hearing proceeded, consisting of testimony from three Parent-side witnesses and submission of twenty-eight (28) Parent exhibits, inclusive of three (3) affidavits of direct testimony.

35. At the February 6, 2025 hearing, DOE submitted no evidence and presented no witnesses.

36. Parent witnesses were available for cross examination by DOE as required by the Hearing Officer.

37. S.A.S.'s evidence included the affidavit of S.A.S, which required:

   a. S.A.S.'s firsthand knowledge of the Student's educational history, program deficiencies, and DOE's failure to provide a FAPE, in order to establish standing and support the Parent's requested relief;

   b. Drafting and finalizing the affidavit was a time-intensive process. Counsel reviewed extensive documentation, conducted multiple interviews with the witness, and drafted several iterations of the affidavit over the course of several hours. Counsel also engaged in substantive revisions to ensure the affidavit complied with evidentiary standards and clearly conveyed the Parent's legal position.

38. S.A.S.'s evidence included the affidavit of Karen Tarricone, whose testimony addressed the appropriateness of Gersh Academy in meeting the Student's individualized needs. Finalizing

5

this affidavit required counsel to review relevant supporting documentation and coordinate closely with Ms. Tarricone to ensure factual accuracy and alignment with the overall evidentiary record.

39. S.A.S.'s evidence also included the affidavit of Dr. Jeanne Dietrich, who had conducted an independent neuropsychological evaluation of the Student. Dr. Dietrich's affidavit provided testimony regarding the Student's cognitive and educational profile, identified significant deficits, and supported the need for a specialized placement and services beyond what the DOE had proposed.

40. For closings, counsel for S.A.S. delivered an oral closing statement on the record. DOE did not deliver a closing statement.

41. On June 20, 2025, the IHO issued a Finding of Fact and Decision ("FOFD") that included a finding that DOE failed to meet its burden of showing that it offered S.S. a FAPE for the 2024-2025 school year.

42. The IHO's initial decision contained the decision date as June 18, 2025 and the IHO issued a corrected FOFD on August 1, 2025 with the correct date of June 20, 2025.

43. The FOFD's findings of fact and conclusions of law were in S.A.S.'s favor.

44. The IHO awarded relief, including:

   a. The DOE to pay Gersh Academy the cost of tuition and related services for the 2024-2025 school year in the amount of $175,506.00;

   b. The DOE to pay Gersh Academy the cost of the Student's school-time meals for the 2024-2025 school year; and

   c. The DOE's continued provision of specialized transportation for the 2024-2025 school year.

45. The FOFD's awarded relief was in the S.A.S.'s favor.

6

46.     Neither side appealed from the FOFD.

47.     S.A.S.'s counsel has conducted various tasks, including communicating with service providers and DOE's Impartial Hearing Order Implementation Unit, aimed toward ensuring the implementation of the FOFD.  Implementation is currently in progress, and as of the date of this filing, no issues have arisen that would require further intervention by counsel.

48.     On February 12, 2026, S.A.S., through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

49.     The lead attorney in Case No. 285545 was initially Dustin Kolsen, who left the firm suddenly in November 2025. At that time, Angela Kovacs took over as lead counsel. Both attorneys had occasional assistance from John F. Cuddy, Michael J. Cuddy, Jr., Andrew Cuddy, and Nikita Nayar (law clerk).

50.     Based upon corresponding differences of experience and skill in the marketplace of comparable Southern District of New York IDEA practitioners, the differences in the attorneys' staggered customary rates were: Andrew Cuddy ($600), Michael J. Cuddy, Jr. ($600), John F. Cuddy ($375), Dustin Koslen ($375), Angela Kovacs ($375).

51.     The paralegal staff, whose customary rate is $225, consisted of ChinaAnn Reeve, David Coyle, Margaret Kinney-Angotti, Nikita Nayar (Law Clerk), Sandee Winkelman, and Shobna Cuddy.

52.     The attorneys' hours worked in Case No. 285545 at the time of the fee demand were: Andrew Cuddy (2.2), Michael J. Cuddy, Jr. (5.1), Angela Kovacs (19.2), Dustin Koslen (20.7), Nikita Nayar (4.4).

53.    The paralegals' hours worked in Case No. 285545 at the time of the fee demand were: ChinaAnn Reeve (0.5), David Coyle (0.2), Margaret Kinney-Angotti (0.1), Nikita Nayar (4.4), Sandee Winkelman (11.6), and Shobna Cuddy (1.5).

54.    There were associated and necessary expenses, in Case No. 285545, of: $62.50.

55.    In Case No. 285545, the fee demand was in the amount of $25,392.50.

56.    The Parties were unable to resolve the fee demand.

## FIRST CAUSE OF ACTION

57.    Plaintiff repeats and re-alleges all above paragraphs as if fully set forth herein.

58.    S.A.S. initiated an impartial hearing on behalf of S.S.

59.    Plaintiff CLF represented S.A.S., individually and on behalf of S.S.

60.    S.A.S. prevailed at the impartial hearing by obtaining an FOFD from the IHO, who ordered relief demanded by S.A.S.

61.    Wholistic *Johnson* factor review supports S.A.S.'s fees.

62.    As to the first *Johnson* factor, the billing was limited to the time and labor required under the circumstances.

63.    As to the second *Johnson* factor, the levels of novelty and difficulty to the questions did not require lower-adjusted rates from what was customarily charged and paid.

64.    As to the third *Johnson* factor, S.A.S.'s case for S.S. was delegated appropriately to Dustin Kolsen and Angela Kovacs, whose level of skill was required under the circumstances.

65.    As to the fourth *Johnson* factor, S.A.S.'s level of impact on her counsel's availability for other employment did not require downward-adjusted rates from what was customarily charged and paid.

66.    As to the fifth *Johnson* factor, the customary rates charged to S.A.S. are aligned with those charged by and paid to similarly experienced, parent-side IDEA practitioners in the Southern District of New York.

67.    As to the sixth *Johnson* factor, S.A.S. retained counsel on a contingent fee-shifting basis.

68.    As to the seventh *Johnson* factor, the billing is aligned with the time limitations imposed by the circumstances of the matter.

69.    As to the eighth *Johnson* factor, S.A.S. obtained excellent results on needed relief that she would have otherwise been unable to afford for S.S.

70.    As to the ninth *Johnson* factor, the experience, reputation, and ability of the attorneys involved were appropriate matches for S.A.S.'s case.

71.    As to the tenth *Johnson* factor, without retainer, S.A.S.'s type of case is generally considered undesirable among parents' attorneys in the Southern District of New York.

72.    As to the eleventh *Johnson* factor, the nature and length of the professional relationship with S.A.S. did not require downward-adjusted rates from what was customarily charged and paid.

73.    As to the twelfth *Johnson* factor, prior awards with different rates do not require a downward adjustment.

74.    As a dollar at the time of the rendering services will be valued less than a dollar at the time of a Judgment or settlement, DOE is benefitted by natural passage of time of service to the final resolution of this matter.

75.    Prejudgment interest is not a "bonus or multiplier" under the IDEA.

76.    Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days / 365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

77.    As of the date of this Complaint, the prevailing federal prime rate is 8.50%.

78.    Plaintiff may seek prejudgment interest.

79.    Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by DOE following any judgment rendered in this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Award to Plaintiff the costs, expenses and attorneys' fees for the administrative proceeding in the matter of S.S. pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(2)    Award to Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon; and

(3)    Grant such other and further relief as the Court deems just and proper.


Dated: July 17, 2026                          Respectfully,
       Valhalla, New York

                                              s/ Francesca Teresa Antorino
                                              CUDDY LAW FIRM, PLLC
                                              Francesca Teresa Antorino, Esq.
                                              *Attorneys for Plaintiff*
                                              400 Columbus Ave., 140S
                                              Valhalla, NY 10595
                                              Tel.: (914)517-9553
                                              fantorino@cuddylawfirm.com

10